

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

JOHN L. HILL,
ATTORNEY GENERAL

December 22, 1975

The Honorable Kerry Knorpp
County Attorney
County of Potter
Amarillo, Texas    79101

Opinion No. H-754

Re: Fees to be charged by a
county clerk in a civil law suit
for debt.

Dear Mr. Knorpp:

You have asked what fees the county clerk should collect in a civil law suit for debt where several instruments are filed by the plaintiff and it is necessary for the clerk to issue various writs at the direction of the court, or record certain instruments, both before judgment and after. Article 3930(b), V.T.C.S., reads in part:

> Section 1. County clerks and clerks of county courts are hereby authorized and required to collect the following fees for services rendered by them to all persons, firms, corporations, legal entities, governmental agencies and/or governmental representatives:
>
> A. Fees for County Civil Court Dockets
>
> (1) For each cause or action, or docket in County Civil Courts: for filing, or filing and registering, or filing and recording, and for docketing and including taxing costs for each and all applications, complaints, petitions, returns, documents, papers, legal instruments, records and/or proceedings; for issuing, including the recording of the return thereon, each and all citations, notices, subpoenas, commissions to take depositions, executions while the docket is still open, garnishments before judgments, orders, writs, processes, or any and all other instruments, documents or papers authorized, permitted or required

to be issued by said county clerk or said clerk of county courts on which a return must be recorded; for all attendances in court as clerk of court; for impaneling a jury; for swearing witnesses; for approving bonds involved in court actions, for administering oaths; and for all other clerical duties in connection with such county civil court docket:

(a)  For each original cause or suit in a County Civil Court, including, but not limited to, appeals from Justice of the Peace Courts or Corporation Courts and transfers of causes or suits from other jurisdictions, a fee to be due and payable, and to be paid by the plaintff or plaintiffs, or appellant or appellants, at the time said cause or suit is filed, started or initiated, which fee is to be paid but one time in each cause or docket, or suit, and which fee excludes the items listed in Paragraphs B, C, D, and E of this Section 1:

(i)  For causes or dockets involving damages, debts, specific performance of contracts and agreements, pleas of privilege, appeals from Justice of the Peace Courts and Corporation courts, for appeals from driver's license suspension, and other causes of action not otherwise listed in this Paragraph A(1)(a): a fee of . . . . . .$10.00 (Emphasis added.)

Paragraphs B, C, D, and E mentioned above concern, respectively, probate court fees (B), fees where no cause is pending (C), fees for services unrelated to the prosecution of a pending cause and where no return is to be recorded (D), and fees for issuing letters testamentary, letters of guardianship, letters of administration, and abstracts of judgments (E).  Subparagraph A(1)(a)(ii) specifies special charges for garnishments after judgment and subparagraph A(1)(b) specifies the fee to be charged for interpleaders and cross actions.

In Attorney General Opinion H-43 (1973) we noted that paragraph A of section 1 of this statute requires that a fee of $10.00 be paid for all services of the clerk therein listed in certain types of suits excluding those services rendered under paragraphs B, C, D and E. Paragraph A applies to suits for debt, and so long as the suit is pending, the initial $10.00 charge is the only charge the county clerk can make for the court-related services described in paragraph A other than those fees allowed by subparagraphs A(1)(a)(ii) and A(1)(b), no matter how often those services must be rendered or repeated.  It is to be paid "but one time in each cause or docket, or suit."  V.T.C.S. art. 3930b, § 1 A(1)(a).

In H-43, where the provisions of Rule 621a of the Texas Rules of Civil Procedure were a factor, we said:

> As we construe Article 3930(b), if at the time the provisions of Rule 621a are invoked the original cause of action is still pending upon the docket of the court, the successful party may file or require the issuance of whatever papers are necessary under Rule 621a without incurring liability for any additional fee.  On the other hand, if there is no cause pending and the proceeding must be brought under Paragraph C, then the Clerk is entitled to a charge of $3.00 for issuing each instrument, document, or paper, but not for merely filing the same.  If, as may be true in discovery proceedings under the amended rules, the Clerk is not called upon to issue any instruments, we see no authority for him to charge a fee.
>
> It is our construction of articles 3930 and 3930A-1 that they apply only to the non-court aspects of the functions of the county clerk's office and that subsection (9) of Article 3930 does not authorize the clerk to set a fee for filing instruments in court proceedings.

We would add only that paragraph E allows a specific additional charge of $1.00 for issuing each abstract of judgment and controls with regard to that service.  The non-court related services described in paragraph D are not involved in the fact situation you pose.

We therefore answer that in a civil suit for debt, except for the additional fees allowed for garnishments after judgment and for interventions and cross-actions, etc., a county clerk may make only a one-time total charge of $10.00 for the rendition of all services described in paragraph A of article 3930(b) so long as the suit is pending. Afterwards, the clerk may charge an additional $3.00 for each occasion on which a service described in paragraph C is performed, and the clerk may charge an additional $1.00 for each abstract of judgment which he issues in accordance with paragraph E.  See also Attorney General Opinion M-230 (1968).

## SUMMARY

In a civil suit for debt, except for the additional fees allowed for garnishments after judgment and for interventions and cross-actions, etc., a county clerk may make only a one-time total charge of $10.00 for the rendition of all services described in paragraph A of article 3930(b) § 1, V.T.C.S., so long as the suit is pending. Afterwards the clerk may charge an additional $3.00 for each occasion on which a service described in paragraph C of that statute is performed, and the clerk may charge an additional $1.00 for each abstract of judgment he issues in accordance with paragraph E of the statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb